UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENIA W.
O/B/O L.J.R.,

                              Plaintiff,

v.                                                      CASE # 20-cv-01303

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                OF COUNSEL:

Law Offices of Kenneth Hiller, PPLC         ELIZABETH HAUNGS, ESQ.
  Counsel for Plaintiff                     KENNETH R. HILLER, ESQ.
6000 North Bailey Avenue
Suite 1A
Amherst, NY 14226


U.S. SOCIAL SECURITY ADMIN.                 ELIZABETH ROTHSTEIN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278


J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the

undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter

is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant

to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record

and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

record is GRANTED, defendant's motion is DENIED, and this matter be REMANDED for further administrative proceedings consistent with this order.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

L.J.R. was born on December 10, 2002 and was 14 years old, an adolescent, on the application date. (Tr. 159). Generally, plaintiff alleges L.J.R.'s disability consists of anxiety, depression, mood swings, obesity, and asthma. (Tr. 41, 46).

### B.     Procedural History

On June 6, 2017, plaintiff protectively filed an application for Supplemental Security Income ("SSI") on behalf of her minor daughter, L.J.R., under Title XVI of the Social Security Act (Tr. 145). Plaintiff's application was initially denied, after which a timely request was made for a hearing before an Administrative Law Judge (ALJ). On June 19, 2019, plaintiff and L.J.R. appeared before ALJ Stephan Bell. (Tr. 37-63). On July 11, 2019, ALJ Bell issued a written decision finding L.J.R. not disabled under the Social Security Act. (Tr. 12-32). On July 17, 2020, the Appeals Council (AC) denied plaintiff's request for review. (Tr. 1-3). The ALJ's decision became the final decision of the Commissioner subject to judicial review under 42 U.S.C. § 405(g), incorporated for SSI by 42 U.S.C. § 1383(c)(3) and this action followed.

### C.     The ALJ's Decision

Generally, ALJ Bell made the following findings of fact and conclusions of law:

1. The claimant was born on December 10, 2002. Therefore, she was an adolescent on June 6, 2017, the date application was filed, and is currently an adolescent (20 CFR 416.926a(g)(2)).

2. The claimant has not engaged in substantial gainful activity since June 6, 2017, the application date (20 CFR 416.924(b) and 416.971 et seq.).

2

3. The claimant has the following severe impairments: mental impairments variously diagnosed as adjustment disorder (1F/28), generalized anxiety disorder (3F/14), major depressive disorder (8F/27), unspecified mental disorder, unspecified depressive disorder, unspecified anxiety disorder (9F/3) (20 CFR 416.924(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).
(a) The claimant has less than marked limitation in acquiring and using information.
(b) The claimant has less than marked limitation in attending and completing tasks.
(c) The claimant has marked limitation in interacting and relating with others.
(d) The claimant has no limitation in moving about and manipulating objects.
(e) The claimant has less than marked limitation in the ability to care for herself.
(f) The claimant has less than marked limitation in health and physical well-being.

6. The claimant has not been disabled, as defined in the Social Security Act, since June 6, 2017, the date the application was filed (20 CFR 416.924(a)).

(Tr. 12-32).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff argues the ALJ's finding that L.J.R. had a less than marked limitation in the domain of Caring for Self is not supported by substantial evidence. (Dkt. No. 11 at 1 [Pl.'s Mem. of Law]). Plaintiff specifically argues the ALJ credited evidence that directed a marked limitation in this domain, she failed to consider L.J.R.'s obesity under the domain, and she did not discuss the need for home schooling due to panic attacks as evidence of a limitation in the domain.

### B.     Defendant's Arguments

In response, defendant argues the ALJ properly found L.J.R. had a less than marked limitation in the domain of Caring for Self. (Dkt. No. 12 at 9 [Def.'s Mem. of Law]).  Defendant

asserts the ALJ properly considered opinion evidence, L.J.R.'s obesity, and L.J.R.'s home schooling.

## III.     RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

To be "disabled" within the meaning of the Act, a child must show he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations," and which either lasts or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(I).

A three-step sequential evaluation process determines whether a supplemental security income claimant under the age of 18 is disabled. 20 C.F.R. § 416.924(a). At the first step, the ALJ determines whether the child has engaged in substantial gainful activity during the relevant period. 20 C.F.R. § 416.924(b). If so, the child is not disabled; if not, the evaluation continues to the next step. At the second step, the ALJ determines whether the child has a "severe" impairment, or combination of impairments – i.e., a slight abnormality or combination of slight abnormalities that causes more than minimal functional limitations. 20 C.F.R. § 416.924(c). If not, the ALJ denies the application; otherwise, the evaluation continues.

At step three of the sequential evaluation process, the ALJ determines whether a child's impairments meet, medically equal, or functionally equal the severity of one of the Commissioner's listed impairments (Listings). 20 C.F.R. §§ 416.924(a), (d). If not, the child is not

disabled. 20 C.F.R. § 416.924(d). As part of the step three analysis, if the ALJ finds that a child's impairments do not meet or medically equal a listed impairment, the ALJ assesses all functional limitations using six "domains" of functioning to determine whether the child's symptoms are functionally equivalent to the listed impairments. 20 C.F.R. § 416.926a. The six domains of functioning include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). The evaluation of age-appropriate functioning within each domain focuses on the child's abilities and limitations; where the child has difficulty; the quality of any limitations; and the kind, extent, and frequency of help that the child needs. 20 C.F.R. § 416.926a(b)(2). A finding of functional equivalence occurs when a child has an "extreme" limitation in one of the six domains of functioning or "marked" limitations in at least two domains. 20 C.F.R. § 416.926a(e).[1]

## IV.    ANALYSIS

In determining that L.J.R.'s impairments, singly or in combination, did not functionally equal the severity of one of the Listings, ALJ Bell determined, inter alia, that L.J.R. had a marked limitation in the domain of interacting and relating with others and less than marked limitation in the domain of caring for herself. (Tr. 29, 30-31). Plaintiff argues the ALJ's determination in the domain of caring for yourself is not supported by substantial evidence and the error is not harmless as there was already a marked limitation in one other domain. (Dkt. No. 11). The Court agrees

---

[1]    "Extreme" means a child has an impairment that very seriously interferes with a child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e). "Marked" indicates that he or she has an impairment that seriously interferes with the ability for independently initiating, sustaining, or completing activities. *Id.*

with plaintiff that ALJ Bell's determination with respect to this domain is not supported by substantial evidence.

In the domain of caring for yourself, "[the Commissioner] consider[s] how well [child claimants] maintain a healthy emotional and physical state, including how well [they] get [their] physical and emotional wants and needs met in appropriate ways; how [they] cope with stress and changes in [their] environment; and whether [they] take care of [their] own health, possessions, and living area." 20 C.F.R. § 416.926a(k). "Caring for yourself effectively, which includes regulating yourself, depends upon your ability to respond to changes in your emotions and the daily demands of your environment to help yourself and cooperate with others in taking care of your personal needs, health and safety." 20 C.F.R. § 416.926a(k)(1)(i).

Early in the decision, ALJ Bell discussed a January 2019 questionnaire completed by school social worker Dannielle Sturgis, which included a section on caring for self. (Tr. 359). While the ALJ disagreed with Ms. Sturgis' opinion on taking care of hygienic needs, she found Ms. Sturgis' opinion on L.J.R.'s poor ability to cope with changes in her mood and struggles with coping mechanisms was consistent with the evidence of record. (Tr. 25, 31). Ms. Sturgis specifically found L.J.R. to have "a serious" problem in these areas, which by definition, equals a marked limitation. *See* 20 CFR 416.926a(e).

In the ALJ's discussion of the domain and assessment of L.J.R.'s ability to care for herself, the ALJ explicitly acknowledged the record evidence regarding L.J.R.'s serious problem responding to changes in her own mood and that she will shut down or cry due to minor triggers. (Tr. 31). It is not clear how the ALJ then reconciled her finding of marked limitations as consistent with the record but a less than marked conclusion. The ALJ merely cited that L.J.R. was able to

7

take care of her personal needs and safety, including her personal hygiene, in finding a less than marked limitation in the domain. (Tr. 30).

The Court finds this determination legally deficient. First, the ALJ did not adequately explain her determination that L.J.R. has less than marked limitations in this domain. The Act requires the ALJ to set forth a discussion of the evidence and the reasons upon which the decision is based. *See* 42 U.S.C. § 405(b)(1). The ALJ's own discussion of the record, particularly the finding of consistency between opined marked limitations and the record, reveals that L.J.R. appears to have serious limitations in the ability to care for herself. Despite this evidence, the ALJ concluded, with no substantive analysis or other discussion, that L.J.R.'s limitations in this domain were less than marked. It is well settled that the crucial factors in any determination must be set forth with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). Although this Court must accept the ALJ's reasonable interpretation of evidence, the ALJ has not provided any explanation suggesting how a reasonable fact-finder could interpret the opinions and evidence of record as supportive of a less than marked, rather than marked, limitation in the domain of caring for oneself. *Hicks v. Comm'r of Soc. Sec*., No. 18-CV-00467, 2020 WL 1061488, at *6 (W.D.N.Y. Mar. 5, 2020) ("This Court cannot say that the evidence in the record as a whole definitively supports marked limitations, but the ALJ failed to provide the requisite explanation to enable review of whether her finding in the domains was supported by substantial evidence.").

Next, the ALJ's decision does not adequately discuss L.J.R.'s obesity as required by SSR 19-2p. The boilerplate section of the ALJ's decision specifically cites some examples of difficulty children could have in the domain, including "has disturbances in eating or sleeping patterns." (Tr. 30). In guidance for children's cases, found in SSR 09-7p, the Agency uses "binge eating" as an

example of "self-injurious" behaviors. The SSR also uses the example of a "teenage girl who develops poor eating habits as a form of comfort" as indicative of limitations in the domains of Caring for Self. *Id.* L.J.R. was officially diagnosed with obesity in 2017, when she was only 14 years old and weighed 250 pounds with a BMI of 38, which Dr. Ilozue identified as greater than the 95th percentile for her age. (Tr. 293). By 2019, she weighed 263 pounds, with a BMI of 39.98. (Tr. 403). Treatment records reported that when L.J.R. was upset she would "eat too much" and had an increased appetite when anxious. (Tr. 311). She specifically admitted overeating due to anxiety and depression. (Tr. 291). L.J.R.'s mother testified she would not eat in the lunchroom at school and was picked on because she overeats due to depression. (Tr. 42).

Defendant concedes that a disturbance in eating is one factor that may be considered in this domain. (Dkt. No. 12 at 13). Significantly, defendant is unable to cite any discussion by the ALJ regarding L.J.R.'s obesity but rather contends that plaintiff has failed to show her obesity "seriously" interfered with her everyday activities and the ALJ's rationale may be gleaned from the evidence of record. (Dkt. No. 12 at 14). However, the ALJ never cited L.J.R.'s weight, BMI, or evidence related to emotional eating in the decision, so the Court is unable to glean how it was considered as alleged by defendant. Defendant's post hoc rationalizations that L.J.R. was able to perform activities of daily living despite obesity is not considering the impairment within the context of the domain. The obesity is not preventing her from performing her activities of daily living, rather it is evidence in the domain of a child getting her emotional needs met in an inappropriate way, as well as the inability of a child to take care of her own health. *See* SSR. 09-7p. The ALJ erroneously failed to discuss or consider L.J.R.'s obesity in the decision or under any domain, including caring for self.

Plaintiff additionally argues the ALJ failed to properly consider L.J.R.'s medical necessity for home schooling as evidence of a marked limitation in the domain of Caring for Self. (Dkt. No. 11 at 14). However, as remand has already been deemed necessary for further administrative proceedings, the Court declines to reach this issue. *Morales v. Colvin*, No. 13 Civ. 6844 (LGS) (DF), 2015 WL 13774790, at \*23 (S.D.N.Y. Feb. 10, 2015) (not reaching additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), adopted by, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

Plaintiff has not challenged the ALJ's findings with respect to the remaining domains of functioning, thus the Court need not analyze them. *See Nicole A. v. Comm'r of Soc. Sec.*, No. 19-CV-1654L, 2021 WL 916016, at \*5 (W.D.N.Y. Mar. 10, 2021) (limiting analysis to "functional domain findings specifically challenged by plaintiff").

The purpose of providing SSI benefits to children is to assist them while they are children. *Myers ex rel. C.N. v. Astrue*, No. 09-CV-1429 (VEB), 2012 WL 4107453, at \*11 (N.D.N.Y. Sept. 18, 2012). Delay in adjudication is particularly harmful in connection with benefits for children, which are not to replace lost income, but to enable low-income families to afford special education, medical treatment, physical rehabilitation, early intervention services, and personal needs assistance for the child. *Nieves ex rel. Nieves v. Barnhart,* No. 02 Civ.9207, 2004 WL 2569488, at \*10 (S.D.N.Y. November 12, 2004). Therefore, it is appropriate to set a 120 day time limit for further proceedings. *Zambrano v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981); *see also Butts v. Barnhart*, 416 F.3d 101, 106 (2d Cir. 2005) (imposing a 120-day time limit for proceedings to be completed before the ALJ, and 60 days for the Commissioner to act on the claimant's appeal from any unfavorable ALJ decision).

**ACCORDINGLY, it is**

ORDERED that plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is

**GRANTED**; and it is further

ORDERED that defendant's motion for judgment on the pleadings (Dkt. No. 12) is

**DENIED**; and it is further

ORDERED that this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), for

further proceedings consistent with this Decision and Order.

Dated: February 18, 2022                        _J. Gregory Wehrman_
Rochester, New York                             HON. J. Gregory Wehrman
                                                United States Magistrate Judge